UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-20987

TIMOTHY WEBER,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____/

**COMPLAINT FOR DAMAGES
AND DEMAND FOR TRIAL BY JURY**

Plaintiff, TIMOTHY WEBER ("Plaintiff"), through undersigned counsel, sues Defendant, CARNIVAL CORPORATION ("Defendant"), and demands trial by jury, stating as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. This Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1333 as the causes of action asserted are maritime torts.

3. This Court has Diversity Jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state.

4. Suit is filed in Federal Court because of the federal forum selection clause in the Passenger Contract Ticket issued by the Defendant.

5. Plaintiff is *sui juris* and is a resident and citizen of Texas.

6. Defendant is a foreign corporation who is authorized to conduct and who does conduct business in the State of Florida, who at all times material hereto was and is doing business

in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County Florida.

7. Defendant is a citizen of the State of Florida.

8. Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b. Had an office or agency in this state and/or county; and/or

   c. Engaged in substantial activity within this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

9. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## FACTUAL ALLEGATIONS

10. At all times material hereto, Defendant, CARNIVAL, owned, operated, managed, maintained, and/or controlled the vessel, the Carnival *Freedom.*

11. On or about July 16, 2019, Plaintiff was a fare paying passenger on Defendant's vessel, the Carnival *Freedom*, which was in navigable waters.

12. On or about July 16, 2019, Defendant negligently placed a defective and/or broken chair on the Lido deck for passenger use. The chair was either defective and/or broken. When Plaintiff attempted to sit on the chair, the chair collapsed. As the chair collapsed, Plaintiff tried to avoid further injury by forcibly pulling himself up with his right leg. As a result of the incident,

the Plaintiff suffered traumatic injuries that included, but are not limited to, a sprained right ankle and the onset of complex regional pain syndrome (RSD).

13. At all relevant times, the subject chair was broken, defective, improperly maintained, unstable and/or unreasonably dangerous.

## COUNT I – NEGLIGENCE

14. Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 13 as is set forth herein.

15. The Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

16. Such duties include, but are not limited to, the duty to provide its passengers reasonable care to inspect for and resolve dangerous, risk-creating, and hazardous conditions that passengers, including the Plaintiff, will likely encounter.

17. Such duties also include, but are not limited to, the duty to maintain its ship in a reasonably safe condition for the use and enjoyment of its passengers.

18. Such duties also include, but are not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

19. At all times material hereto, Defendant, employed broken, defective and/or improperly maintained chairs in the ships on the Carnival *Freedom*, and as such owed a duty to its passengers, and in particular to the Plaintiff, to keep, inspect, maintain, replace, refurbish, provide and/or repair chairs and furniture that are reasonably safe; free of defects, disrepairs and/or any other hazardous conditions that may cause injury to passengers.

20. On or about July 16, 2019, Defendant, and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

21. At all times material, the Defendant, through its vessel, crew, agents, employees, staff, and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of reasonable care owed to the Plaintiff and were negligent in one or more of the following ways:

    a. Failing to keep and maintain ship furniture, including the subject chair, in a reasonably safe condition, so as to help prevent hazards to its passengers; and/or

    b. Failing to inspect, clean, keep and maintain ship furniture, including the subject chair, in a reasonably safe condition; and/or

    c. Failing to install proper and reasonable safeguards to prevent passengers from being injured when making use of the ship furniture provided by Defendant; and/or

    d. Failing to take proper precautions for the safety of passengers making use of the ship furniture; and/or

    e. Failing to warn Plaintiff of the risk-creating conditions of the ship furniture and of the dangers of the ship chairs; and/or

    f. Failing to warn Plaintiff of the risk-creating conditions of the subject chair; and/or

    g. Failing to have adequate policies and procedures in place for inspection, cleaning and maintenance of the ship furniture, including the subject chair; and/or

    h. Creating a risk-creating condition and/or failing to remedy a risk-creating condition which was known by the Defendant and which in the exercise of reasonable care should have been known by the Defendant; and/or

    i. Failing to adequately train its crew to keep ship furniture, including the subject chair, free of hazards; and/or

j. Failing to employ sufficient crewmembers or adequately trained crewmembers to properly inspect, repair, clean, and maintain ship furniture, including the subject chair, and Defendant knew or should have known that this ship was inadequately staffed; and/or

k. Failing to treat its ship furniture to prevent it from becoming unreasonably dangerous; and/or

l. Failing to provide adequate lighting to enable passengers to notice any hazards; and/or

m. Failing to comply with applicable standards, statutes, or regulations the violation of which is negligence per se and/or evidence of negligence; and/or

n. Failing to otherwise maintain ship furniture, including the subject chair in a safe and reasonable manner; and/or

o. Failing to properly and safely instruct passengers making use of ship furniture of the risks involved; and/or

p. Failing to warn Plaintiff and other passengers of prior similar incidents; and/or

q. Failing to respond adequately to prior similar incidents and take corrective measure; and/or

r. Through other acts or omissions constituting a breach of the duty to use reasonable care which will be revealed through discovery.

22. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for the Defendant's negligence, Plaintiff's injuries would not have occurred.

23. Defendant either (a) had actual knowledge of the risk-creating conditions; (b) had constructive knowledge of the risk-creating conditions; (c) would have had knowledge of the risk-creating conditions had the Defendant implemented proper methods of inspection; and/or (d) created the risk-creating conditions.

24. As a result of the Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money.

25. The losses are either permanent or continuing in nature.

26. Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, TIMOTHY WEBER, demands Judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, TIMOTHY WEBER, demands trial by jury on all issues so triable.

**Dated:** March 4, 2020.

Respectfully submitted,

*/s/ Spencer M. Aronfeld*
**Spencer M. Aronfeld, Esq.**
Florida Bar No.: 905161
aronfeld@Aronfeld.com
**Abby Hernández Ivey, Esq.**
Florida Bar No.: 1002774
aivey@aronfeld.com
**Matthias Hayashi, Esq.**
Florida Bar No.: 115973
mhayashi@aronfeld.com
**ARONFELD TRIAL LAWYERS**
One Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
P:     (305) 441.0440
F:     (305) 441.0198
*Attorneys for Plaintiff*